UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WENDELL MIMMIFIELD | : | CRIM. NO. 3:01CV1396(DJS) |
| | : | |
| PETITIONER. | : | |
| | : | |
| VS. | : | |
| | : | |
| WARDEN GOMEZ, COMMISSIONER | : | |
| OF CORRECTION | : | OCTOBER 17, 2003 |
| | : | |
| RESPONDENT. | | |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
OBJECTION TO MOTION TO DISMISS OR STAY PETITION
FOR WRIT OF HABEAS CORPUS**

The petitioner submits this memorandum of law pursuant to local rule 9(a).

**I. STATEMENT OF FACTS:**

The petitioner is currently confined at the MacDougal Correctional Institution in Suffield, Connecticut. He brings this action for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On June 25, 1996, the petitioner pleaded guilty to murder in the Connecticut Superior Court for the Judicial District of Waterbury before the Honorable Richard A. Damiani. On August 30, 1996 prior to the petitioner's being sentenced, he moved through his attorney to withdraw his plea of guilty. After argument by both sides Judge Damiani denied petitioner's motion to withdraw his guilty plea and sentenced him to forty years, where upon the matter was concluded. Prior to concluding the matter the clerk for Judge Damiani never had the petitioner sign his Notice of

Right to Appeal Judgment of Conviction (JD-CR-19), either on or off the record. (See Petitioner's Exhibit A).

On January 24, 1998, the petitioner filed for writ of habeas corpus based on ineffective assistance of counsel. On June 15, 1999, the court made a finding that the petitioner had not met his burden of proving ineffective assistance of counsel. On February 27, 2001, the Connecticut Appellate Court affirmed the decision of the Superior Court. On April 11, 2001, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court.

On November 7, 2001, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On January 27, 2003, this court issued an order directing the parties to address the issue of the timeliness of the petition.

## II. ISSUE:

Whether Petitioner has demonstrated extraordinary circumstances sufficient for the court to equitably toll the limitations period?

## III. ARGUMENT:

As argued in the respondent's memorandum, 28 U.S.C. 2244(d) provides a one-year limitations period for filing a federal petition for writ of habeas corpus. Under subsection 2244(d)(1)(a), the period commences to run in most cases on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." However, the fact that 2244(d)(1)(a) does not exclude a federal petitioner's time when the appeal is pending does not necessarily exclude the possibility of discretionary tolling on equitable grounds. Even though a petitioner is not entitled to the automatic tolling mandated by 2244(d), under appropriate circumstances the petitioner may be entitled to equitable tolling. Rodriguez v. Bennett, 303 F.3rd 435 (2nd Cir. 2002).

This court has not determined whether equitable tolling applies to the one-year statute of limitations contained in Section 2244(d) or the grace period announced in Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). However, other circuits considering this issue uniformly have held that the one-year statute of limitations is an affirmative defense rather than a jurisdictional bar so that courts may equitably toll the period. See Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc), cert. denied, 525 U.S. 891, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), cert. denied, 525 U.S. 891, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir.1998); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). The 2nd Cir. has joined its sister circuits and also adopted this rule. See Smith v. McGinnis, 208 F.3d 13 (2nd Cir. 2000).

The fact that Petitioner did not sign the Notice of Right to

Appeal following his sentencing denies him his basic right to appeal his underlying conviction. (See Exhibit B, Sentencing Transcript). Therefore, the time for filing an appeal has not yet expired. Because Petitioner was not provided with his notice of Right to Appeal and his young age at the time of sentencing, he did not knowingly and voluntarily waive his right to a direct appeal, and his subsequent rights to collateral attacks in federal court. The fact that he was a minor at the time of his sentencing and the fact that he and his guardian where never presented with the Notice of Right to Appeal are extraordinary circumstances preventing him from filing his petition on time. The court should also take note that because he was represented by special public defender, his legal representation ended after he was sentenced.

As a matter of fairness this court should apply the "equitable tolling doctrine," since the petitioner has been prevented in an extraordinary way from exercising his rights.

## IV. CONCLUSION:

WHEREFORE, the petitioner respectfully submits that the Court deny the respondent's Motion to Dismiss on the above foregoing reasons.

RESPECTFULLY SUBMITTED,<br>
DEFENDANT<br>
WENDELL MINNIFIELD

BY: _____
MOSCOWITZ & KING, LLC
MICHAEL L. MOSCOWITZ
7 ELM STREET
NEW HAVEN, CT, 06510
TELEPHONE (203) 777-7602
FAX NO. (203) 777-7606
FEDERAL BAR NO.: CT07317

**CERTIFICATION**

THIS IS TO CERTIFY that copies of the foregoing motion was mailed postage prepaid on this 17TH day of October, 2003, to the following named parties and counsel:

CAROLYN K. LONGSTRETH
SENIOR ASSISTANT STATE'S ATTORNEY
CIVIL LITIGATION BUREAU
OFFICE OF THE CHIEF STATE'S ATTORNEY
300 CORPORATE PLACE
ROCKY HILL, CT. 06067

WENDELL MIMMIFIELD
#239650
1153 East Street, South
MACDOUGAL CORRECTIONAL INSTITUTION
SUFFIELD, CT. 06080

_____
MICHAEL L. MOSCOWITZ

```
STATE OF CONNECTICUT, SUPERIOR COURT
JUDICIAL DISTRICT OF WATERBURY


In the Matter of:

* * * * * * * * * *x

STATE OF CONNECTICUT          :      Case Number CR4-238640

    -versus-                  :

WENDELL MINNIFIELD            :      AUGUST 30, 1996

* * * * * * * * * *x
```

B E F O R E:

    HONORABLE RICHARD A. DAMIANI,

            Judge


A P P E A R A N C E S:

  JOHN A. CONNELLY, ESQ.
    State's Attorney

  SHERIDAN MOORE, ESQ.
    Attorney for the Defendant


            Patricia Sabol
          Certified Court Reporter

|   |   |
|---|---|
| THE COURT: | Is there a parent for Mr. Minnifield? |
| MS. MOORE: | She is here. |
| THE COURT: | Mother's name, please? |
| MS. NORMAN: | Angel Norman. |
| THE COURT: | You're appointed guardian for your son. |

There is a motion to withdraw his plea of guilty, Ms. Moore?

MS. MOORE: Yes, your Honor. Your Honor knows that I have been appointed. Mr. Minnifield had filed a motion against his previous attorney concerning his plea and his withdrawal of plea and I was appointed for that cause.

I spoke with Mr. Minnifield, your Honor, and reviewed with him certain standards the Court must look into and request and ask of him at the time of his sentencing. One of the first things I did, in fact, discuss with him was that, in fact, when the Court does a canvass, the Court usually inquires or usually informs the defendant that their right to withdraw their plea would only be based upon good cause.

In reviewing the transcript, however, I noticed that the Court did not ask that question of -- or did not inform Mr. Minnifield of that question. I have reviewed the Practice Book and have not found anything in regards to that particular question as being

tantamount to the plea hearing. However, I did indicate to Mr. Minnifield that I would ask the Court for further continuance today so that I could review any possible case law. And I've informed him the case law may not support this argument. However, that I did ask -- did inform him I would ask the Court at this time for a further continuance to review the case law to determine if he did have something to further his motion.

THE COURT: Mr. Connelly, you want to be heard?

MR. CONNELLY: Yes, your Honor. I've reviewed the transcript of the plea. I was not present. Mr. Ricciardi was present from our office, but in reviewing the transcript for the entering of the guilty plea to the charge of murder, I see no defect in your Honor's canvass. Your Honor painstakingly followed the requirements of not only the Practice Book, but of our statutes and the relevant case law. I see no grounds for withdrawal of the plea in this case and would ask your Honor to deny the motion and impose sentence today.

THE COURT: Okay. The Practice Book Section 721, grounds for allowing a defendant to withdraw his or her plea of guilty: One, the plea was accepted without substantial compliance with section 711. And in 711 of the Practice Book: One, the Court shall not accept the plea without first addressing the defendant

personally to determine he or she fully understood; one, the nature of the charge to which the plea is offered; two, the mandatory minimum sentence, if any; three, the fact that the statute for the particular offense does not permit the sentence to be suspended; four, the maximum possible sentence on the charge; five, he or she has a right to plead not guilty, be tried by a jury, have counsel assist, confront accusers, cross-examine witnesses and have a right not to be compelled to incriminate himself or herself.

I reviewed that transcript, Ms. Moore, it's not only substantial compliance of the Practice Book 711, there was, in my opinion, total compliance. The fact that I did not advise him of the fact that he could not withdraw his plea except for good cause shown, I did not ask that question, but if I do recall in the canvass I did ask him at the end, do you want me to accept your plea of guilty? He said yes.

So your motion for further continuance is denied. You have an exception to that.

Now, any further grounds to move to withdraw the plea? I know he was claiming pressure from the public defender before.

MS. MOORE: Well, I did speak to him to that degree, your Honor. He indicated that, in fact, that he did speak with his attorney at the time. I guess he was -- on the eve of trial he felt that he was

1  unable to change or he felt he was pressured into a
2  situation of unable to change counsel at that time.
3  It wasn't necessarily that he was pressured by the
4  attorney to enter a plea, but that he felt that the
5  counsel was not, in his opinion, going to represent
6  his interest to the matter that he wanted them
7  represented.
8       THE COURT:  Do you have the transcript?  Did you
9  make a copy for yourself?
10      MS. MOORE:  Yes, I do.
11      THE COURT:  You have a copy for yourself?
12      MS. MOORE:  This is the copy.
13      THE COURT:  Where is the original?
14      MR. CONNELLY:  I have a copy of the plea.
15      THE COURT:  You have one.  Do you have the
16 original?  Why don't you compare that, Sheridan, and
17 make sure it's the right -- everything is the same.
18 I'm going to have that marked as a Court Exhibit 1 in
19 case the issue goes up on appeal, and make sure
20 there's no pages missing or pages added.  Once that's
21 marked, Amy, if I could have it, please?
22      MS. MOORE:  It appears to be the same, your
23 Honor.
24      THE COURT:  Court Exhibit 1.
25 I'm sorry, Ms. Moore.  Go ahead.
26      MS. MOORE:  In any event, your Honor, I believe
27 that Mr. Minnifield's contention was, in fact, that he

1  wished to change his attorney on that date and that,
2  in fact, after discussions with his attorney at that
3  point did not feel that he would be able to effectuate
4  the change of an attorney and so he entered his guilty
5  plea in a sense not knowing his full -- I guess his
6  full opportunities of switching counsel on that date.
7  So it wasn't that it was a -- he felt pressured, but
8  not a pressure necessarily to enter his guilty plea.
9  And so I don't know if it would fit into the Practice
10 Book and the statute, your Honor.
11      THE COURT:  Page five of the transcript, my
12 questions to the defendant:
13      "And you want me to accept your plea of guilty?"
14      "The Defendant:  Yes."
15      "The Court:  And you are satisfied Ms. Kennedy
16 has done all any lawyer can do in representing you?"
17      "The Defendant:  Yes."
18      If that's your second ground, Ms. Moore, motion
19 is denied to withdraw his plea and you have an
20 exception.
21      Are you ready?  Have you read the presentence
22 investigation report?
23      MS. MOORE:  I have reviewed the presentence
24 investigation.  I have not reviewed it with Mr.
25 Minnifield as of yet.
26      THE COURT:  I'll pass it so you can review it
27 with him.  Then we'll take up Mr. Minnifield's

1 sentence.

2 (Whereupon, the case was passed and recalled
3 later, at which time the following occurred:)

4 THE COURT: State versus Minnifield. Ms. Moore,
5 Mr. Connelly. I believe the mother's here. She was
6 named as guardian ad litem. I've read the presentence
7 investigation report.

8 Mr. Connelly?

9 MR. CONNELLY: Yes, your Honor. The state also
10 has had the opportunity to go over the presentence
11 report. Your Honor is well aware of the factual basis
12 upon which Mr. Minnifield entered his plea. It's also
13 set forth in the PSI. The victim's family is here,
14 your Honor, Mr. Fontaine's family are here. They
15 indicated to me they do not wish to address the Court.
16 They are aware of the indicated sentence that is going
17 to be imposed by your Honor and we ask that that
18 sentence be imposed at this time.

19 THE COURT: Ms. Moore?

20 MS. MOORE: I have nothing to say, your Honor.

21 THE COURT: I read the presentence investigation
22 report. It's murder, a senseless act. A life is
23 lost.

24 Mr. Minnifield, you are committed to the custody
25 of the Commissioner of Corrections for a period of
26 forty years. Any costs and fees are waived.

27 (Whereupon, the matter was concluded.)

STATE OF CONNECTICUT, SUPERIOR COURT

JUDICIAL DISTRICT OF WATERBURY

In the Matter of:

\* \* \* \* \* \* \* \* \* \*x

STATE OF CONNECTICUT          : Case Number CR4-238640
                              :
    -Versus-                  :
                              :
WENDELL MINNIFIELD            :
                              : AUGUST 30, 1996
\* \* \* \* \* \* \* \* \* \*x

C E R T I F I C A T I O N

I hereby certify that the foregoing is a true and correct transcript of the stenographic notes of the proceedings in the hereinbefore entitled matter and reduced to typewriting by me, heard before Honorable Richard A. Damiani, Judge, in the Superior Court, Judicial District of Waterbury, at Waterbury, on the 30th day of August, 1996.

Dated at Waterbury, Connecticut, this 8th day of February, 1999.

_____
Patricia Sabol
Certified Court Reporter