UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WENDELL MINNIFIELD,
   Petitioner                              :       CIVIL NO. 3:01CV1396(DJS)

v.                                                  :

WARDEN GOMEZ, COMMISSIONER          :       OCTOBER 30, 2003
OF CORRECTION,
   Respondent

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S OBJECTION TO EVIDENTIARY HEARING

I.  **NATURE OF THE CASE.**

Documents previously submitted to this court[1] reveal that, on June 21, 1995, when

---

[1] The following documents were submitted as appendices to the Respondent's Motion to Dismiss dated August 12, 2002:

| | |
|---|---|
| Exhibit A | Record of appeal to Appellate Court in state habeas proceeding [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit B | Petitioner's brief on appeal to the Connecticut Appellate Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit C | Respondent's brief on appeal to the Connecticut Appellate Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit D | Petitioner's reply brief on appeal to the Connecticut Appellate Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit E | Connecticut Appellate Court decision, [Minnifield v. Commissioner of Correction, 62 Conn. App. 68, 767 A. 2d 1262 (2001)] |
| Exhibit F | Petition for Certification to Connecticut Supreme Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit G | Ruling of Connecticut Supreme Court on petition for certification [Minnifield v. Commissioner of Correction, 256 Conn. 907, 772 A. 2d 596 (2001)] |

1

the petitioner was sixteen years old, he murdered Paul Fontaine. On June 25, 1996, he pleaded guilty to murder. General Statutes § 53a-54a. Exh. E at 2-3. Subsequently, the petitioner moved to withdraw his guilty plea, which motion was denied on August 30, 1996. Exh. C at 1. On the same date, the state trial court sentenced the petitioner to a 40-year term of imprisonment. Exh. H at 6.

There is no record of a direct appeal and the petitioner appears to admit that he did not file any.

On March 19, 1998, the petitioner filed a petition for a writ of habeas corpus in state court. Counsel was thereafter appointed and filed an amended petition, alleging ineffective assistance of counsel. Exh. A at 2-6. Specifically, the petitioner claimed that trial counsel was ineffective in that she failed to challenge the admissibility of the petitioner's confession, failed to inform the petitioner about the statements of certain eyewitnesses, failed to investigate bias and interest of the state's main witness, and erroneously informed the petitioner that he would not have to serve the entirety of the sentence imposed. After a hearing, the state habeas court, <u>Meadow</u> J., dismissed the petition. Exh. A at 10-16. Subsequently, it granted certification to appeal. Exh. A at 17-18.

The petitioner filed an appeal to the Appellate Court. After the parties presented briefs and argument, the Appellate Court affirmed the judgment of the habeas court. Exh. B-E. The petitioner then filed a petition for certification in the Connecticut Supreme Court,

---

The following additional appendices were attached to the respondent's supplemental Motion to Dismiss dated February 28, 2003:

    Exhibit H    Transcript of proceedings for August 30, 1996
    Exhibit I    Printout of the judicial department website pertaining to the state habeas proceeding.

raising three claims pertaining to ineffective assistance of counsel.[2] The Connecticut Supreme Court denied certification on April 11, 2001. Exh. G.

On November 7, 2001, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three claims. On April 26, 2002, after the respondent moved for a more specific statement, the petitioner filed an amended petition alleging four claims. The respondent thereafter moved to dismiss on exhaustion grounds. On January 27, 2003, the court issued an order directing the parties to address the issue of the timeliness of the petition. On or about February 28, 2003, the respondent filed a memorandum of law which argues that the petition is also untimely under 28 U.S.C. § 2244(d). The petitioner, still *pro se*, filed a response suggesting there were extenuating circumstances excusing his failure to comply with the time constraints of § 2244(d). In response, this court appointed counsel for the petitioner, granted the petitioner leave to supplement the *pro se* response to the motion to dismiss, and ordered that an evidentiary hearing be held on the timeliness issue. On or about October 20, 2003, the petitioner, through counsel, filed an "Objection to Motion to Dismiss or Stay Petition for Writ of Habeas Corpus" (hereinafter, "Petitioner's Objection").

This objection to the evidentiary hearing is based upon the allegations raised for the first time in the Petitioner's Objection.

---

[2] The first and second claims asserted that the Appellate Court erred in declining to find prejudice resulting from counsel's inadequate pretrial investigation and her failure to move to suppress the confession. The third claim challenged the Appellate Court's action of upholding the habeas court's finding that counsel did not misinform the petitioner about the amount of time he would actually serve. Exh. E.

## II.   ARGUMENT.

In this case, the petitioner alleges that he was entitled to equitable tolling because the state trial clerk allegedly failed to inform him of his state appellate rights, which, at least according to the petitioner, means that "the time for filing an appeal has not yet expired." Petitioner's Objection at 4.  Under the circumstances of this case, this court should not entertain an evidentiary hearing on these factual allegations underlying the petitioner's claim to equitable tolling.

This petitioner has never attempted to file a direct appeal to the state appellate courts from his conviction, let alone been rebuffed in his attempt to do so on the grounds of timeliness.  Moreover, although the petitioner had no difficulty filing a state habeas petition in which he litigated allegations of ineffective assistance of counsel, there was never any attempt by the petitioner to raise, in that available state procedure, any claim regarding his alleged entitlement to notification of appellate rights after his guilty plea and/or the trial clerk's alleged failure to comply with such a requirement.  See Exh. A. Consequently, to permit the petitioner to raise these allegations for the first time in federal court by way of a claim to equitable tolling would, in effect, unfairly reward the petitioner for his failure to exhaust his state court remedies by allowing him to circumvent the state courts with these allegations and, thereby, circumvent the provisions of 28 U.S.C. § 2254(e), which ordinarily would require this court to defer to the state court fact-finding process.

As noted *supra*, the respondent originally moved to dismiss this case on the grounds that the petitioner had failed to exhaust his state court remedies, as required by 28 U.S.C. § 2254(b), with respect to his claims.  This court's January 27, 2003 order suggests a view

4

Court held in Edwards v. Carpenter, a federal habeas petitioner must first present any claim purporting to excuse a procedural default, even when that claim itself is based upon a *federal* constitutional issue (i.e., ineffective assistance of counsel), then surely the petitioner must be required to exhaust a claim which purports to entitle him to excuse meeting the time constraints of § 2244(d) when that underlying claim relies solely upon matters of *state* law, the determination of which federal habeas courts generally eschew. See Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 480 (1991); Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 875 (1984); Lockett v. Montemango, 784 F.2d 78, 81 n.7 (2d Cir.), cert. denied, 479 U.S. 832 (1986).

## CONCLUSION

For the foregoing reasons, the respondent objects to any evidentiary hearing on the petitioner's allegations which he claims, if proven, would entitle him to equitable tolling because those allegations have never been presented to the state courts.

Respectfully submitted,

RESPONDENT

By: _____
JAMES A. KILLEN
Senior Assistant State's Attorney
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT 06067
Tel. (860) 258-5807
Fax. (860) 258-5828
Federal Bar No. ct 02058

## CERTIFICATION

I hereby certify that a copy of this document was mailed to Michael L. Moscowitz, Esq., Moscowitz & King, LLC, 7 Elm Street, New Haven, CT 06510, Tel. (203) 777-7602, Fax. (203) 777-7606, on October 30, 2003.

*[signature]*

JAMES A. KILLEN
Senior Assistant State's Attorney