UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WENDELL MINNIFIELD,
  Petitioner                                              : CIVIL NO. 3:01CV1396(DJS)

v.                                                        :

WARDEN GOMEZ, COMMISSIONER     : NOVEMBER 20, 2003
OF CORRECTION,
  Respondent

### RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S CLAIM FOR EQUITABLE TOLLING

I.    FACTS.

Documents previously submitted to this court[1] reveal that, on June 21, 1995, when

---

[1] The following documents were submitted as appendices to the Respondent's Motion to Dismiss dated August 12, 2002 :

| | |
|---|---|
| Exhibit A | Record of appeal to Appellate Court in state habeas proceeding [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit B | Petitioner's brief on appeal to the Connecticut Appellate Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit C | Respondent's brief on appeal to the Connecticut Appellate Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit D | Petitioner's reply brief on appeal to the Connecticut Appellate Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit E | Connecticut Appellate Court decision, [Minnifield v. Commissioner of Correction, 62 Conn. App. 68, 767 A. 2d 1262 (2001)] |
| Exhibit F | Petition for Certification to Connecticut Supreme Court, excluding appendix [Minnifield v. Commissioner of Correction, A.C. 20108] |
| Exhibit G | Ruling of Connecticut Supreme Court on petition for certification [Minnifield v. Commissioner of Correction, 256 Conn. 907, 772 A. 2d 596 (2001)] |

The following additional appendices were attached to the respondent's supplemental Motion to Dismiss dated February 28, 2003:

| | |
|---|---|
| Exhibit H | Transcript of proceedings for August 30, 1996 |

the petitioner was sixteen years old, he murdered Paul Fontaine. On June 25, 1996, he pleaded guilty to murder. General Statutes § 53a-54a. Exh. E at 2-3. Subsequently, the petitioner moved to withdraw his guilty plea, which motion was denied on August 30, 1996. Exh. C at 1. On the same date, the state trial court sentenced the petitioner to a 40-year term of imprisonment. Exh. H at 6.

There is no record of a direct appeal and the petitioner appears to admit that he did not file any.

On March 19, 1998, the petitioner filed a petition for a writ of habeas corpus in state court. Counsel was thereafter appointed and filed an amended petition, alleging ineffective assistance of counsel. Exh. A at 2-6. Specifically, the petitioner claimed that trial counsel was ineffective in that she failed to challenge the admissibility of the petitioner's confession, failed to inform the petitioner about the statements of certain eyewitnesses, failed to investigate bias and interest of the state's main witness, and erroneously informed the petitioner that he would not have to serve the entirety of the sentence imposed. After a hearing, the state habeas court, Meadow J., dismissed the petition. Exh. A at 10-16. Subsequently, it granted certification to appeal. Exh. A at 17-18.

The petitioner filed an appeal to the Appellate Court. After the parties presented briefs and argument, the Appellate Court affirmed the judgment of the habeas court. Exh. B-E. The petitioner then filed a petition for certification in the Connecticut Supreme Court,

---

    Exhibit I    Printout of the judicial department website pertaining to the state habeas proceeding.

raising three claims pertaining to ineffective assistance of counsel.[2] The Connecticut Supreme Court denied certification on April 11, 2001. Exh. G.

On November 7, 2001, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three claims. On April 26, 2002, after the respondent moved for a more specific statement, the petitioner filed an amended petition alleging four claims. The respondent thereafter moved to dismiss on exhaustion grounds. On January 27, 2003, the court issued an order directing the parties to address the issue of the timeliness of the petition. On or about February 28, 2003, the respondent filed a memorandum of law which argues that the petition is also untimely under 28 U.S.C. § 2244(d). The petitioner, still *pro se*, filed a response suggesting there were extenuating circumstances excusing his failure to comply with the time constraints of § 2244(d). In response, this court appointed counsel for the petitioner, granted the petitioner leave to supplement the *pro se* response to the motion to dismiss, and ordered that an evidentiary hearing be held on the timeliness issue. On or about October 20, 2003, the petitioner, through counsel, filed an "Objection to Motion to Dismiss or Stay Petition for Writ of Habeas Corpus" (hereinafter, "Petitioner's Objection"). The respondent subsequently objected to this court's order for an evidentiary hearing, presently scheduled for November 20, 2003.

---

[2] The first and second claims asserted that the Appellate Court erred in declining to find prejudice resulting from counsel's inadequate pretrial investigation and her failure to move to suppress the confession. The third claim challenged the Appellate Court's action of upholding the habeas court's finding that counsel did not misinform the petitioner about the amount of time he would actually serve. Exh. E.

## II.  ARGUMENT

In his memorandum of law in opposition to the respondent's motion to dismiss, the petitioner asserts that he is entitled to equitable tolling of 28 U.S.C. § 2244(d) for the following reason:

> The fact that Petitioner did not sign the Notice of Right to Appeal following his sentencing denies him his basis right to appeal his underlying conviction. (See Exhibit B, Sentencing Transcript). Therefore, the time for filing an appeal has not yet expired. Because Petitioner was not provided with his notice of Right to Appeal and his young age (sic) at the time of sentencing, he did not knowingly and voluntarily waive his right to a direct appeal, and his subsequent rights to collateral attacks in federal court. The fact that he was a minor at the time of his sentencing and the fact that he and his guardian w[e]re never presented with the Notice of Right to Appeal are extraordinary circumstances preventing him from filing his petition on time. The court should also take note that because he was represented by special public defender, his legal representation ended after he was sentenced.
>
> As a matter of fairness this court should apply the "equitable tolling doctrine," since the petitioner has been prevented in an extraordinary way from exercising his rights.

Memorandum of Law in Support of Petitioner's Objection to Motion to Dismiss or Stay Petition for Writ of Habeas Corpus, dated October 17, 2003, at 3-4.

Because this memorandum is being prepared prior to any evidentiary hearing, it will not address the question of whether the petitioner bore his burden of establishing the facts underlying his claim of entitlement to equitable tolling. However, assuming, for purposes of this brief, that the petitioner establishes as a matter of fact that he did not sign his "Notice of Appeal" rights at his sentencing and that he was of a "young age" at the time, this petitioner still would fall far short of establishing entitlement to the extraordinary relief afforded by equitable tolling.

- 4 -

### A. General Principles Regarding Equitable Tolling.

Equitable tolling applies only in the "rare and exceptional circumstances[ ]." Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.), cert. denied, -- U.S. --, 120 S.Ct. 504 [(1999)]. In order to equitably toll the one-year period of limitations, [a petitioner] must show that *extraordinary circumstances* prevented him from filing his petition on time. See Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)(noting that [the Second Circuit] has applied equitable tolling doctrine "'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights . . . .'")(citation omitted).

Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.)(per curiam), cert. denied, 121 S.Ct. 104 (2000)(emphasis added). As the Fourth Circuit has explained,

> any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accomodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

"The prisoner's ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will a lack of representation during the applicable filing period." United States v. Cicero, 214 F.3d 199, 203 (C.A.D.C. 2000)(§ 2255 petition). Thus, neither a petitioner's lack of awareness of the one-year period set forth in § 2244, nor even misadvice by his counsel as to the period of limitation, satisfies the strict requirements for "equitable tolling." Harris, 209 F.3d at 330-31; Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)(petitioner's "assertions he is not a lawyer and

he was unaware of [the statute of limitation's] existence are insufficient as a matter of law to constitute `cause'" to excuse his failure to comply).

Finally, even assuming that "extraordinary circumstances" excuse a petitioner's initial inability to comply with the one-year limitation, the petitioner must also demonstrate that he acted with reasonable diligence throughout the entire period in attempting to assert his claims. Hizbullahankhamon v. Walker, 255 F.3d 65, 75-76 (2d Cir. 2001), cert. denied, 2002 U.S. LEXIS 4510 (2002); Smith, 208 F.3d at 17.

### B.  This Petitioner Is Not Entitled To Equitable Tolling.

Assuming this petitioner demonstrates that he was not provided with a notice of his right to appeal his guilty plea, he has still failed, for a number of reasons, to demonstrate that this entitles him to equitable tolling.

First, a criminal defendant has no right, under state or federal law, to be informed of a right to appeal from a guilty plea. United States v. Roldan, 450 F.2d 514 (2d Cir. 1971); Amato v. Warden, 168 Conn. 254, 260-62 (1975); Connecticut Practice Book § 43-30 (providing for such notice only "[w]here there has been a conviction after a trial, or where there has been an adverse decision upon an application for a writ of habeas corpus. . . ."). Consequently, it can hardly be argued that this constitutes an "extraordinary circumstance" warranting equitable tolling. Moreover, Congress presumably was aware of this well-established law when it passed the provisions of 28 U.S.C. § 2254(d). It would be ludicrous to presume that Congress intended to recognize an implicit exception to the one-year period to allow tolling, beyond that already expressly provided for in the statute, on the basis of a state and federal court practice (i.e., the absence of notification of appeal rights from a guilty plea) which, far from being "extraordinary", was the general rule.

Second, the petitioner's excuse, at best, answers the wrong question. The issue to be addressed by equitable tolling is whether there were extraordinary circumstances which interfered with the petitioner filing his *federal* petition within one year of the judgment he is attacking. Thus, assuming for a moment that the absence of notice of his right to direct appeal in state court might explain or excuse a late filing of a direct appeal in state court (which late appeal, significantly, *still* has not been filed), the petitioner has not, and cannot, explain how this precluded him from filing this federal habeas action in a timely fashion. See Miller v. Cason, 49 Fed. Appx. 495, 497, 2002 U.S. App. LEXIS 20838 (6th Cir. 2002)(although the alleged actions in the state court, including the failure to notify the petitioner of his right to appeal, may have interfered with the petitioner's direct appeal in state court, they fail to explain why the petitioner's federal habeas petition was not timely filed). Even if the federal petition were then to be considered premature due to lack of exhaustion, the abeyance procedure set forth in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001) would have permitted the petitioner to return to state court without risking dismissal under § 2244(d) on the basis of that time period.

In any event, the petitioner has failed to establish that he has acted with reasonable diligence throughout the five year period between the date of the state conviction he is challenging and the filing of his federal habeas petition. Thus, even assuming that the petitioner has established that the state court's failure to provide notice of appeal was an "extraordinary circumstance" precluding his initial compliance with the time limits of § 2244(d), this would "not create an indefinite toll - at some point, the AEDPA limitations period would run based on a petitioner's lack of diligence." Rodriguez v. New York, 2003 U.S. Dist. LEXIS 1983, *58 (S.D.N.Y. 2003).

- 7 -

Excluding the time period during which the petitioner's state habeas petition was pending, from March 1998 until April 2001, the petitioner offers no explanation for the length of his initial inaction between June 1996 (when the conviction was entered) and March 1998 (when his state habeas was filed), a period of almost twenty-one months. Nor does the petitioner explain the seven month delay between the completion of the state habeas proceeding, and the state appeals therefrom, and the filing of the instant federal petition. See Smith, 208 F.3d at 17 (petitioner's delay in filing federal petition until 87 days after completion of state collateral review, which itself was not filed until 364 days into the time period set forth in § 2244(d), did not show reasonable diligence). In sum, there is a period of approximately twenty-five months, or over two years *beyond that accounted for by the state habeas proceeding* during which it appears that this petitioner has no explanation other than his own lack of diligence in seeking federal review. See Plowden v. Romine, 78 F.Supp.2d 115, 199-20 (E.D.N.Y. 1999)(seventeen month delay demonstrated lack of reasonable diligence). See also Hizbullahankhamon, 255 F.3d at 76 (even given most generous accounting, petitioner's federal petition late by 16 days).

## **CONCLUSION**

For the foregoing reasons, even assuming that the petitioner has established the facts underlying his claim, the petitioner has failed to demonstrate that these facts entitle him to equitable tolling and instant federal habeas petition should be dismissed.

- 8 -

Respectfully submitted,

RESPONDENT

By: _____
JAMES A. KILLEN
Senior Assistant State's Attorney
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5807
FAX # (860) 258-5828
Federal Bar No. ct 02058

## CERTIFICATION

I hereby certify that a copy of this document was hand-delivered to: Michael L. Moscowitz, Esquire, Moscowitz & King, LLC, 7 Elm Street, New Haven, Connecticut 06510, on this 20th day of November, 2003.

_____
JAMES A. KILLEN
Senior Assistant State's Attorney