UNITED STATES DISTRICT COURT  FILED

DISTRICT OF CONNECTICUT  2004 FEB -2 A 11: 17

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| WENDELL MIMMIFIELD | CRIM. NO. 3:01CV1396(DJS) |
| PETITIONER. | |
| VS. | |
| WARDEN GOMEZ, COMMISSIONER OF CORRECTION | JANUARY 30, 2004 |
| RESPONDENT. | |

### BRIEF IN SUPPORT OF PETITIONER'S OBJECTION TO MOTION TO DISMISS OR STAY PETITION FOR WRIT OF HABEAS CORPUS

The petitioner submits this memorandum of law pursuant to local rule 9 (a).

**I. STATEMENT OF FACTS:**

The petitioner is currently confined at the MacDougal Correctional Institution in Suffield, Connecticut. He brings this action for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On June 25, 1996, the petitioner pleaded guilty to murder in the Connecticut Superior Court for the Judicial District of Waterbury before the Honorable Richard A. Damiani. On August 30, 1996 prior to the petitioner's being sentenced, he moved through his attorney to withdraw his plea of guilty. After argument by both sides Judge Damiani denied petitioner's motion to withdraw his guilty plea and sentenced him to forty years, where upon the matter was concluded. At the time of Judge Damiani's denial of petitioner's motion to withdraw the only avenue for review of the denial was to appeal Judge Damiani's decision. The clerk for Judge Damiani after the petitioner was sentenced never advised or had the petitioner sign his Notice of Right to Appeal Judgment of Conviction (JD-CR-19), either on or off the record. (See Petitioner's Exhibit A). Since petitioner did move to withdraw his plea prior to being sentenced

his right to take an appeal attached when Judge Damiani denied his motion to withdraw and then proceeded to sentence him.

On January 24, 1998, the petitioner filed for writ of habeas corpus based on ineffective assistance of counsel. On June 15, 1999, the court made a finding that the petitioner had not met his burden of proving ineffective assistance of counsel. On February 27, 2001, the Connecticut Appellate Court affirmed the decision of the Superior Court. On April 11, 2001, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court. It should be noted that this appeal was based on the petitioner's writ of habeas corpus and not on his motion to withdraw his plea prior to sentencing. In addition, the denial of his motion to withdraw was not raised in his writ of habeas corpus based on ineffective assistance of counsel.

On November 7, 2001, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On January 27, 2003, this court issued an order directing the parties to address the issue of the timeliness of the petition.

**II. ISSUE:**

Whether Petitioner has demonstrated extraordinary circumstances sufficient for the court to equitably toll the limitations period?

**III. ARGUMENT:**

As stipulated in Court on November 25, 2003, both parties agree, the petitioner did not sign his "Notice of Appeal", rights and that he was a minor at the time of his sentencing. Because of these two factors it is the petitioner's position that this establishes entitlement to the extraordinary relief afforded by equitable tolling of, 28 U.S.C. 2244(d) which provides a one-year limitations period for filing a federal petition for writ of habeas corpus.

This court has not determined whether equitable tolling applies to the one-year statute of limitations contained in Section 2244(d) or the grace period announced in Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). However, other circuits considering this issue uniformly have held that the one-year statute of limitations is an affirmative defense rather than a jurisdictional bar so that courts may equitably toll the period. See Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc), cert. denied, 525 U.S. 891, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), cert. denied, 525 U.S. 891, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir.1998); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). The 2nd Cir. has joined its sister circuits and also adopted this rule. See Smith v. McGinnis, 208 F.3d 13 (2nd Cir. 2000).

Generally, equitable tolling is difficult to attain, as it is reserved for "extraordinary or exceptional circumstances." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.2000). "Equitable tolling ... permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity," Chao v. Russell P. Le Frois Builder, Inc., 291 F.3d 219, 223 (2d Cir.2002) (quoting Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000)), even when the limitations period would otherwise have expired. "We have defined equitable tolling rules as those that allow a court 'under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order to prevent inequity.' " M.D. v. Southington Bd. of Educ., 334 F.3d, 217, 223 (2d Cir.2003) (citing Asbestos Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.), 318 F.3d 432, 436 (2d Cir.2003)). A party seeking to benefit from the doctrine bears the burden of proving that tolling is appropriate, see Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir.2002), as "[e]quitable tolling requires a party to pass with

reasonable diligence through the period it seeks to have tolled," Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir.1996).  When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has "acted with reasonable diligence during the time period she seeks to have tolled," and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir.2002).

Although "a plaintiff's failure to act diligently is not a reason to invoke equitable tolling," Saab Cars USA, 28 F.3d at 12, equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition.  We recognize that drawing these distinctions can be difficult as "mental illnesses are as varied as physical illnesses, which is why our Circuit adheres to a case-specific approach," Brown v. Parkchester South Condominiums, 287 F.3d 58, (C.A.2 (N.Y.) 2002). Although the petitioner in this case is not raising the issue of mental illness he is relying on the Court to consider his age and the fact that courts require minors to have a guardian appointed.  Equitable tolling has even been applied where a plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, see Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir.1985). In this case the non action by the clerk in not giving the petitioner his "Notice of Appeal" could be considered as misleading as to what action the petitioner had after his motion to withdraw his plea was denied.

The fact that he was a minor at the time of his sentencing and the fact that he and his guardian where never presented with the Notice of Right to Appeal are extraordinary circumstances preventing him from filing his petition on time.  As a matter of fairness this court

should apply the "equitable tolling doctrine," since the petitioner has been prevented in an extraordinary way from exercising his rights.

## IV. CONCLUSION:

WHEREFORE, the petitioner respectfully submits that the Court deny the respondent's Motion to Dismiss on the above foregoing reasons.

RESPECTFULLY SUBMITTED,
DEFENDANT
WENDELL MINNIFIELD

BY: _____
MOSCOWITZ & KING, LLC
MICHAEL L. MOSCOWITZ
7 ELM STREET
NEW HAVEN, CT, 06510
TELEPHONE (203) 777-7602
FAX NO. (203) 777-7606
FEDERAL BAR NO.: CT07317

## CERTIFICATION

THIS IS TO CERTIFY that copies of the foregoing motion was mailed postage prepaid on this 30TH day of January, 2004, to the following named parties and counsel:

JAMES A. KILLEN
SENIOR ASSISTANT STATE'S ATTORNEY
CIVIL LITIGATION BUREAU
OFFICE OF THE CHIEF STATE'S ATTORNEY
300 CORPORATE PLACE
ROCKY HILL, CT. 06067

WENDELL MIMMIFIELD
#239650
1153 East Street, South
MACDOUGAL CORRECTIONAL INSTITUTION
SUFFIELD, CT. 06080

MICHAEL L. MOSCOWITZ

| NOTICE OF RIGHT TO APPEAL JUDGMENT OF CONVICTION | STATE OF CONNECTICUT JUDICIAL BRANCH |
|---|---|
| JD-CR-19 Rev. 10-96 Pr. Bk. 945, 959, 960, 4012, 4015, 4018, 4040 Gen. Stat. 52-259 | |

INSTRUCTIONS
1. Prepare in duplicate.
2. Give a copy of this notice immediately after imposition of sentence to every defendant who has been convicted after a trial.
   (It is not necessary to give this notice to anyone who has pleaded guilty.)
3. Staple the signed original to the case file.

| TO (Name of defendant) | DATE OF JUDGMENT OF CONVICTION | DOCKET NO. |
|---|---|---|
| | | |

FROM (Name and address of court)

1. You have the right to appeal the judgment of conviction entered this day. If you desire to appeal, your appeal must be filed in accordance with Practice Book Sec. 4012 (see the excerpt on the back of this notice) WITHIN TWENTY DAYS FROM THE DATE OF THE JUDGMENT OF YOUR CONVICTION, unless, within that twenty day period you file with the clerk a motion for extension of time to appeal (see the excerpt of Practice Book Sec. 4040 on the back of this notice) or an application for a waiver of fees (see paragraph 4 below).

2. If you give the court oral or written notice of your intention to appeal before execution of the judgment or payment of the fine, the judge may admit you to bail. If only a fine was imposed and you wish to appeal, do not pay the fine or you will lose your right to appeal.

3. You must pay an entry fee of $250.00 with your appeal to either the appellate court or the supreme court. Security for costs may at any time, on motion and notice to the appellant, be ordered by the court.

4. (a). If you desire to appeal and either cannot pay the required fee(s) or afford to obtain a lawyer, you have a right to ask the court (where you were convicted) to 1) allow you to appeal without payment of costs and expenses and 2) appoint a lawyer for you. Your request must be under oath and state the grounds upon which you propose to appeal and the facts concerning your financial status. The clerk of the court (where you were convicted) will furnish you, upon your request, the application forms for the appointment of a lawyer and for a waiver of court fees. THE APPLICATION FORMS MUST BE FILED WITHIN TWENTY DAYS FROM THE DATE OF JUDGMENT OF CONVICTION OR YOU WILL LOSE YOUR RIGHT TO APPEAL. (See Pr. Bk. Sec. 4018.)

(b). If you request the relief referred to in paragraph 4(a), you will be notified of the court's decision on your request. Your appeal, itself, must then be filed within twenty (20) days from the date of the court's decision on such request. Therefore, if your request is denied, you or a lawyer acting for you must file your appeal and pay the fee listed in paragraph 3 within that twenty (20) day period.

| | | SIGNED (Clerk of Court) |
|---|---|---|
| I have received a copy of this notice | ON (Date) | SIGNED (Defendant) |