## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**WENDELL MINNIFIELD,**
    Petitioner                       : CIVIL NO. 3:01CV1396(DJS)

v.                                                 :

**WARDEN GOMEZ, COMMISSIONER**    : FEBRUARY 11, 2004
**OF CORRECTION,**
    Respondent

### RESPONDENT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S CLAIM FOR EQUITABLE TOLLING

**I.   FACTS.**

The respondent relies upon the facts as set forth in his initial Memorandum of Law in Opposition to Petitioner's Claim for Equitable Tolling dated November 20, 2003.

**II.  ARGUMENT**

The petitioner's supplemental brief in support of his claim for equitable tolling adds nothing to his initial brief but merely reiterates that, because he did not sign a "Notice of Appeal" rights form at his sentencing and he was of a "young age" at the time, that this entitles him to the extraordinary relief afforded by equitable tolling.

The respondent will not repeat the arguments he has already presented in his November 20, 2003 Memorandum, which fully address the petitioner's claims. In short, the petitioner's reliance on the absence of a formal notification of his appellate rights in state court is misplaced. Neither state nor federal law requires such notification after a guilty plea. United States v. Roldan, 450 F.2d 514 (2d Cir. 1971); Amato v. Warden, 168 Conn. 254, 260-62 (1975); Connecticut Practice Book § 43-30 (providing for such notice only "[w]here there has been a conviction after a trial, or where there has been an adverse decision upon an application for a writ of habeas corpus. . . ."). Congress is presumed to

have been aware of this well-established judicial practice when enacting the statute of limitations embodied in 28 U.S.C. § 2244(d). To accept this petitioner's reliance upon such grounds would effectively exclude all guilty plea cases from the time limits set forth in § 2244(d), a result which cannot be reconciled with the "rare and exceptional" circumstances to which equitable tolling was meant to apply. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.)(per curiam), cert. denied, 121 S.Ct. 104 (2000). Furthermore, the petitioner's alleged ignorance of his right to directly appeal his conviction to the state appellate courts, while perhaps at least relevant to the issues of exhaustion and procedural default, is simply not relevant to the issue of his inexcusable delay in bringing his *federal habeas* petition within the time limits set forth in § 2244(d). See Miller v. Cason, 49 Fed. Appx. 495, 497, 2002 U.S. App. LEXIS 20838 (6th Cir. 2002)(although the alleged actions in the state court, including the failure to notify the petitioner of his right to appeal, may have interfered with the petitioner's direct appeal in state court, they fail to explain why the petitioner's federal habeas petition was not timely filed).

The petitioner's reliance upon his "tender" age of 17 - old enough to be charged with, and admit to, murder but, in his view, not old enough to be held to the provisions of § 2244(d) - is also unavailing.[1] At best, his argument is that, because he was not an adult, he is less likely to have been aware of his need to avoid delay in bringing his federal habeas action. However, once again, "the prisoner's ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will a lack of representation during the applicable filing period." United States v. Cicero, 214 F.3d 199, 203 (C.A.D.C.

---

[1] It should be noted that the petitioner admits, in his January 30, 2004 Brief at 4, that the state court had appointed him a guardian, who presumably *was* an adult.

-2-

2000)(§ 2255 petition). Thus, a petitioner's lack of awareness of the one-year period set forth in § 2244 does not meet the strict requirements for "equitable tolling." Harris, 209 F.3d at 330-31; Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)(petitioner's "assertions he is not a lawyer and he was unaware of [the statute of limitation's] existence are insufficient as a matter of law to constitute `cause'" to excuse his failure to comply).

Finally, for reasons also set forth in the respondent's prior Memorandum, the petitioner has also failed to demonstrate "due diligence" in attempting to bring this federal action apart from the initial delay which he claims was excusable.

## CONCLUSION

For the foregoing reasons, as set forth more fully in the respondent's November 20, 2003 Memorandum of Law, the petitioner has failed to demonstrate that these facts entitle him to equitable tolling and instant federal habeas petition should be dismissed.

Respectfully submitted,

RESPONDENT

By: _____
JAMES A. KILLEN
Senior Assistant State's Attorney
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
Fax: (860) 258-5968
Federal Bar No. ct 02058

## CERTIFICATION

I hereby certify that a copy of this document was mailed to: Wendell Minnifield, Inmate No: 239650, Northern Correctional Institution, 287 Bilton Road, P.O. Box 665, Somers, Connecticut 06071, on this 11th day of February, 2004.

_____
JAMES A. KILLEN
Senior Assistant State's Attorney