UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL MINNIFIELD<br>Petitioner | : CASE NO. 3:01CV1396 (DJS)<br>:<br>: |
| - v - | :<br>: |
| WARDEN GOMEZ, COMMISSIONER<br>OF CORRECTION,<br>Respondent | :<br>:<br>: |

## MEMORANDUM OF DECISION

Petitioner, Wendell Minnifield, is currently confined at the MacDougal Correctional Institution in Suffield, Connecticut, where he is serving a 40 year sentence imposed after he pled guilty to one count of murder in the first degree in the Connecticut Superior Court. Minnifield seeks a writ of Habeas corpus pursuant to 28 U.S.C. §2254 on the grounds that his guilty plea was not knowing and voluntary. Now pending before the court is the motion of the respondent, Warden Gomez, to dismiss or stay the petition for writ of habeas corpus as barred by the applicable statute of limitations. See, 28 U.S.C. §2244(d). The motion to dismiss [doc. #26] is **GRANTED**. The motion to stay [doc. #26] is **DENIED**.

## FACTS

Petitioner, Wendell Minnifield, pled guilty to one count of murder in the first degree in the Connecticut Superior Court for the Judicial District of Waterbury on June 25, 1996. He was sentenced on August 30, 1996. Minnifield claims that he appealed his conviction by filing a motion to vacate sentence with the Connecticut Superior Court, but there is no record that a direct appeal was ever filed. On March 19, 1998, he filed a petition for a writ of habeas corpus in

the Connecticut Superior Court for the Judicial District of New Haven claiming his trial counsel was ineffective. The court denied the petition on June 15, 1999. The Superior Court's ruling was affirmed by Connecticut Appellate Court on February 27, 2001, and petitioner's request for certification to appeal to the Connecticut Supreme Court was denied on April 11, 2001.

The present petition was filed November 7, 2001. The pending motion was filed February 28, 2003. A hearing was held on November 25, 2003, and the parties submitted final briefs on February 11, 2004.

## STANDARD OF REVIEW

The respondent seeks to dismiss the petition as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). The AEDPA significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. Specifically, as it pertains to this case, AEDPA imposes a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court.[1] The limitations period may be tolled under only two circumstances. First, the statute of limitations is tolled during the pendancy of a petition for habeas corpus in state court.[2] Second, the court may apply the doctrine of equitable tolling to toll the period and permit an otherwise time-barred petition. Rodriguez v. Bennett, 303 F.3d 435, 438 (2d.Cir. 2002); Smith v. McGinnis, 208 F.3d 13, 17 (2d. Cir.2000).

---

[1] 28 U.S.C. §2244(d) now reads, in relevant part: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

[2] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. Smith, 208 F.3d at 17. The party seeking to toll the statute of limitations must show that some exceptional or extraordinary circumstance prevented him from exercising his right to appeal in a timely fashion. Id., at 17; Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d.Cir. 1996). Further, the party must show that he was diligent in pursuit of his rights throughout the period he seeks to toll. Johnson, 86 F.3d at 12.

### DISCUSSION

Petitioner Minnifield was sentenced to forty years imprisonment on August 30, 1996. Pursuant to Connecticut Practice Book §63-1(a), a party seeking to appeal in a criminal case has 20 days from the time when a conviction becomes a final judgment to file a notice of appeal. A conviction becomes final when a sentence is imposed.[3] Connecticut Practice Book §61-6. Thus, Minnifield had twenty days from the imposition of sentence, until September 19, 1996, to file a direct appeal. Pursuant to 28 U.S.C. §2244(d), the one-year limitations period starts to run from the expiration of the time allowed for seeking direct review, which in this case is September 19, 1996. Accordingly, Minnifield's window of time for filing a habeas corpus petition in federal court closed on September 19, 1997. It is undisputed that Minnifield did not begin the present action until November 7, 2001, more than four years late. Further, Minnifield's state habeas petition was not filed until March 19, 1998, well after the entire limitations period had run. As a result, there was no time left to toll during the pendancy of the state habeas petition. No statutory

---

[3] The Connecticut Practice Book has been revised since 1996. At the time of Minnifield's conviction, the appeal from a criminal conviction was governed by Connecticut Practice Book §4009, which allowed twenty days from the pronouncement of sentence in open court to file a direct appeal. This language is substantially the same as the present rule.

3

provision of 28 U.S.C. §2244(d) can save the present action.

Petitioner argues that his petition may still be saved through the doctrine of equitable tolling. The parties stipulate that Minnifield was not given and did not sign a Connecticut form called a "Notice of Appeal" which explains his appeal rights. Minnifield submits that, because he was only seventeen at the time of his conviction and sentencing, the failure of the state to properly notify him of his appellate rights constitutes an extraordinary circumstance that warrants equitable tolling.[4] Essentially, Minnifield claims that he did not know he had a right to a direct appeal and that he has been diligent and timely in pursuing his rights when he discovers them.

Although sometimes harsh in its effects, it is a long-standing rule that the petitioner bears the burden of learning the applicable procedural rules in federal court and abiding by them when seeking review. This rule applies when an individual is represented by counsel (see, U.S. v. Hooper, 43 F.3d 26, 29 (2d.Cir. 1994)("Ignorance of the law or rules does not, in general, constitute 'excusable neglect'")) and when the individual is acting *pro se* (see, Edwards v. I.N.S., 59 F.3d 5, 8 (2d.Cir. 1995)("*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.")). Courts have excused late filings when there is evidence that an official actor interfered with a party's attempt to file or mislead a party regarding the time period for filing. See, Mennen Co. v. Gillette Co., 719 F.2d 568 (2d.Cir. 1983) (holding that where a party relied on a judge's instruction regarding the time for an appeal an

---

[4]Petitioner also raises an interesting legal question regarding the effect of the state's presumed failure to provide him with a notice of his appellate rights. Minnifield argues that his time for filing a direct appeal has never started to run. Thus, according to Minnifield, he may properly maintain a direct appeal in state court and the federal statute of limitations on his habeas petition has not yet started to run. The question of the effect of a possible state procedural defect on a state procedural rule is one of state law not properly before this court; therefore the court will not take up this issue. Further, since Minnifield has never attempted to vindicate his theory by filing a direct appeal in state court, it is clear that Minnifield has not been diligent in exercising his rights; thus equitable tolling is not appropriate.

4

extension of time might be warranted); Edwards, 59 F.3d at n.3 (noting that dilatory conduct by a prison official that leads to untimely filing might be grounds for excuse).

There is no evidence in the present case that Minnifield's ability to file a federal habeas petition was in any way hampered or hindered. Minnifield's arguments do tend to show that his knowledge of his ability to file an appeal in state court was lacking, but there is nothing to show that Minnifield was prevented from discovering that he had until September 19, 1997 to file a habeas petition in federal court. Petitioner argues that his youth prevented him from understanding his rights without aid, but state authorities are not obligated to notify him of his federal rights, and it is his federal rights that are at issue in this case. The mere fact that a person is sixteen or seventeen years of age is not an extraordinary impediment to filing a timely petition in federal court. The court finds nothing in the record that justifies the application of equitable tolling in this case.

## CONCLUSION

Petitioner Wendell Minnifield has not shown that any extraordinary circumstance exists that warrants equitable tolling of the one year statute of limitations on the filing of habeas corpus petitions in federal court. The petition is clearly barred by the statute of limitations. The government's motion to dismiss the petition is **GRANTED**. The Clerk of the Court shall close the case.

IT IS SO ORDERED at Hartford, Connecticut, this 29th day of March, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE