# MANDATE

**FILED**

2005 JUL -8 P 1:43

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of June, two thousand and five.

PRESENT:

HON. CHESTER J. STRAUB,
HON. PETER W. HALL,

*Circuit Judges, and*

HON. LEWIS A. KAPLAN,

*District Judge.*[1]



WENDELL MINNIFIELD,

*Petitioner-Appellant,*

v.

GOMEZ, WARDEN,

*Respondent-Appellee.*

**SUMMARY ORDER**
No. 04-2055-pr

Appearing for Petitioner-Appellant:    Michael L. Moscowitz, New Haven, Connecticut.

---

[1] The Honorable Lewis A. Kaplan, United States District Judge, Southern District of New York, sitting by designation.

Issued as Mandate: JUN 3 0 2005

*Minnifield v. Gomez*, No. 04-2055

| | |
|---|---|
| Appearing for Respondent-Appellee: | James A. Killen, Senior Assistant State's Attorney, Office of the Chief State's Attorney, Appellate Bureau, Rocky Hill, Connecticut. |

---

Appeal from the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED**.

---

Petitioner-Appellant Wendell Minnifield ("Minnifield") appeals from an order by the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*) dated March 29, 2004, dismissing Minnifield's habeas petition as barred by the one year statute of limitations for habeas petition by prisoners in state custody enacted in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). We assume the parties' familiarity with the facts, decision below, and issues on appeal.

On June 25, 1996, Minnifield pleaded guilty to first degree murder. On August 30, 1996, he was sentenced to 40 years' incarceration after the judge denied his motion to withdraw his plea. Minnifield was 17 years old at the time. He did not appeal his conviction or sentence. On March 19, 1998, Minnifield filed a habeas petition in the Connecticut Superior Court, alleging that his plea had not been knowingly and voluntarily made. A final denial from the Connecticut Supreme court issued on April 11, 2001. Three months later, on July 20, 2001, petitioner filed the instant habeas, which he subsequently amended twice. On March 29, 2004, after oral

2

*Minnifield v. Gomez*, No. 04-2055

argument, the District Court dismissed the habeas as untimely. The district court found that, under Connecticut law, Minnifield's right to appeal expired on September 19, 1996, and therefore that his time to file a federal habeas petition had expired long before he filed both his state and his federal habeas petitions.

Minnifield's habeas petition argued that the AEDPA deadline should be equitably tolled on two grounds: first, that he had not been given a "Notice of Appeal" form by the trial court, and second, that he was a minor at the time of his conviction. The District Court found that Minnifield's first ground did not meet the threshold for equitable tolling because Minnifield never pursued the alleged procedural defect in state court, and because the issue for equitable tolling purposes was whether Minnifield had been prevented from discovering his right to file a *federal habeas petition*, not a state appeal. The District Court found that his second ground (his youth at the time of his conviction) "[was] not an extraordinary impediment to filing a timely petition in federal court."

The Circuits are split over which standard of review applies to denials of equitable tolling. *See, e.g., Delaney v. Matesanz*, 264 F.3d 7, 13 (1st Cir. 2001) (abuse of discretion standard uniformly applicable). *But see, e.g., Dunlap v. United States*, 250 F.3d 1001, 1007-08 n.2 (6th Cir.) (holding that "where the facts are undisputed or the district court rules as a matter of law that equitable tolling is unavailable, we apply the *de novo* standard of review to a district court's refusal to apply the doctrine of equitable tolling"), *cert. denied*, 534 U.S. 1057 (2001); *Fisher v. Johnson*, 174 F.3d 710, 713 & n.9 (5th Cir. 1999) (reviewing a district court's decision

3

*Minnifield v. Gomez*, No. 04-2055

whether to allow equitable tolling for abuse of discretion, because "[s]uch a decision is left to the district court's discretion," but noting that where a court "denie[s] equitable tolling as a matter of law rather than in exercise of discretion," *de novo* review would apply), *cert. denied*, 531 U.S. 1164 (2001). The issue has not been firmly settled in this Circuit, although this Court did find in *Baldayaque v. United States*, 338 F.3d 145, 151 (2d Cir. 2003), without discussion, that the *de novo* standard applied to a District Court holding that Circuit precedent precluded application of equitable tolling based on attorney misconduct. *But see Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003) (in non-habeas context, stating general rule that denials of equitable tolling are reviewed for abuse of discretion).

We need not resolve this general issue here, as we would affirm on any standard of review. To qualify for equitable tolling, a "petitioner must establish that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quotation marks omitted). In addition to the considerations on which the District Court based its conclusion that such had not been shown here, we note the following. With respect to Minnifield's claim that he was not informed of his right to appeal, we note that this assertion conflicts with his representation in his *pro se* response to the District Court's Order to Show Cause that his trial counsel gave him "the name of a form to file to appeal that decision," *i.e.*, the trial court's decision to hold him to his plea and sentence him accordingly. With respect to Minnifield's claim that the AEDPA deadline should be tolled because he was only 17 years old at

4

*Minnifield v. Gomez,* No. 04-2055

the time of his conviction, we note that the trial judge appointed petitioner's mother, Angel Norman, as his guardian in his proceedings below, and also that, although Minnifield's month of birth is unclear from the record, he apparently reached majority, at the very latest, three months before his time to file a federal habeas petition expired and nearly a year before he filed his state habeas petition. Under these circumstances, we agree with the District Court that Minnifield has not established "extraordinary circumstances" warranting equitable tolling.

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**

FOR THE COURT:

ROSEANN B. MACKECHNIE, CLERK

*Richard Alcantara*     6/6/05

BY: Richard Alcantara, Deputy Clerk     DATE: 6/6/05

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK

5